Marion MURPHY, Plaintiff-Appellant,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 19877.

United States Court of Appeals, Sixth Circuit.

May 28, 1970.

Ronald W. May, Pikeville, Ky., for appellant.

J. F. Bishop, Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Washington, D. C., Atty., Dept. of Justice, George I. Cline, U. S. Atty., Lexington, Ky., on the brief for appellee.

Before WEICK, EDWARDS and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal from the decision of the United States District Court for the Eastern District of Kentucky which affirmed the findings and decision of the Appeals Council of the Social Security Administration and the Secretary of the Department of Health, Education and Welfare denying appellant's claim for total and permanent disability benefits.

Two issues (disability and coverage) are argued before us, but we reach and decide only one.

The Appeals Council found that appellant last met the special earnings requirements for coverage for disability purposes on March 31, 1957. This finding, if accurate, means that appellant's current claim for disability benefits must be denied, since it alleges disability

beginning about 1960. Thus appellant's case depends entirely upon whether or not a late filed self-employment income tax return for the year 1953 is credited for Social Security purposes.

■ The Appeals Council found that this income tax return was filed April 21, 1958. The Council relied for this finding on the copy of the income tax return and the date of the postal money order which accompanied it.

The statutory provision which controls the result of this appeal is 42 U.S.C. § 405(c) (4) (C) (1964):

> "the absence of an entry in the Secretary's records as to the self-employment income alleged to have been derived by an individual in such year shall be conclusive for the purposes of this subchapter that no such alleged self-employment income was derived by such individual in such year *unless it is shown that he filed a tax return of his self-employment income for such year before the expiration of the time limitation following such year,* in which case the Secretary shall include in his records the self-employment income of such individual for such year." (Emphasis added.)

The same section, 42 U.S.C. § 405(c) (1) (B) (1964), defines "time limitation" as "a period of three years, three months, and fifteen days."

A careful review of this entire record convinces us, as it did the Appeals Council and the District Judge, that the tax return for 1953 was filed long after expiration of the statutory time limitation had barred its effectiveness for Social Security purposes.

■ Additionally, this review convinces us that the decision of the Appeals Council as to lack of coverage rests upon substantial evidence properly before the agency and not upon any violation of administrative due process.

The judgment of the District Court is affirmed.